UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAMOND LAMONT MCCAULEY, JR.,   )
   )
       Plaintiff,   )
   )
       v.   )   No. 1:25-cv-02481-JRO-MG
   )
MURRY LT., et al.,   )
   )
       Defendants.   )

**ORDER DISMISSING COMPLAINT AND
DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Damond Lamont McCauley, Jr., is a prisoner currently incarcerated at Correctional Industrial Facility ("CIF"). He filed this civil action alleging he was housed in dirty cell conditions at CIF. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I.**

**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers."  *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.

## THE COMPLAINT

Mr. McCauley's factual allegations are accepted as true at the pleading stage.  *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).  Mr. McCauley names three defendants: Lt. Murray, Mr. Kmetz, and Ms. Sollose. He seeks monetary damages.

On June 16, 2025, Mr. McCauley was placed in a restricted housing unit ("RHU") cell that had sperm and feces on the walls and was very dirty because Lt. Murray and Mr. Kmetz did not clean the cell prior to him being placed there. Mr. McCauley got a rash and was prescribed a cream that he had not yet received as of November 2025.  Mr. McCauley filed a grievance on the issue.  Mr. McCauley has also filed grievances related to unclean hygiene practices in the showers at CIF.

On October 24, 2025, Mr. McCauley was placed in another RHU cell that was extremely dirty with spiders, feces, flooding, and a broken light.  Mr. McCauley states it is the porter's job to clean the cells, but there is no porter in the RHU.

2

## III.

## DISMISSAL OF COMPLAINT

The Court construes Plaintiff's complaint to assert an Eighth Amendment claim for unconstitutional conditions of confinement. Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, any claim against Ms. Sollose must be **dismissed for failure to state a claim**. Individual liability under 42 U.S.C. § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* Mr. McCauley's complaint contains no allegations against Ms. Sollose. Accordingly, all claims against her are dismissed.

Second, Mr. McCauley's claims against Lt. Murray and Mr. Kmetz must also be **dismissed for failure to state a claim**. To prevail on a conditions-of-confinement claim, a plaintiff must allege that the defendants knowingly imposed conditions which denied him "the minimal civilized measure of life's necessities." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (internal quotation and citations omitted). A conditions-of-confinement claim includes objective and subjective components. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). An excessive risk is synonymous with "a

3

substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under the subjective component, a prisoner must establish that the defendants had a culpable state of mind—that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021). Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal quotations omitted). Neither "negligence [n]or even gross negligence is enough[.]" *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

"Not surprisingly, human waste has been considered particularly offensive so that courts have been especially cautious about condoning conditions that include an inmate's proximity to it." *See McBride v. Deer,* 240 F.3d 1287, 1291–92 (10th Cir. 2001) (cleaned up). In *McBride,* the Court found sufficient allegations of unsanitary prison conditions where a prisoner was left in a feces-covered cell for three days before it was cleaned. *Id.* at 1291. *See also Taylor v. Riojas*, 592 U.S. 7, 9 (2020) (leaving inmate in a cell "teeming with human waste" for six days violated the Constitution).

Here, Mr. McCauley does not provide enough information to state a conditions of confinement claim. Mr. McCauley alleges that he was placed in a cell with sperm and feces on the walls but he does explain how long he was kept in that cell—if it was mere minutes or multiple days. Regarding the subjective component, Mr. McCauley only alleges that Lt. Murray and Mr. Kmetz

4

"neglected" to have the cell cleaned.  Dkt. 1 at 2.  He does not explain if they were aware of the conditions of the cell, nor his attempts to alert them or request the cell be cleaned.  Negligence is not enough to meet the subjective component to state a conditions of confinement claim.  At this time, his claim cannot proceed as pled.

Finally, Mr. McCauley makes several seemingly unrelated claims regarding grievances he filed, a denial of medication, inadequate medical treatment, dirty showers, and another cell placement in October that was dirty.  However, he does not explain who was personally responsible for any of these issues.  Additionally, a plaintiff is not permitted to treat a single federal complaint as a sort of general list of grievances.  *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").  Rather, Federal Rules of Civil Procedure 20(a)(2) permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  In other words, any claim about inadequate medical care or inadequate grievance processes likely belongs in a different lawsuit than a claim about the conditions of his confinement.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

**IV.**

**OPPORTUNITY TO FILE AN AMENDED COMPLAINT**

As this case is in its early stages, the Court will grant Plaintiff leave to amend his complaint to rectify the deficiencies noted in this order. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) ("The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile.").

Mr. McCauley shall have **through April 17, 2026, to file an amended complaint**. The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

In organizing his complaint, the plaintiff may benefit from using the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

6

Any amended complaint should have the proper case number, 1:25-cv-02481-JRO-MG and the words "Amended Complaint" on the first page.   The amended complaint will completely replace the original.   *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").   Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).   If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 3/17/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DAMOND LAMONT MCCAULEY, JR.
231189
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064